any negligence or carelessness on its part. In Lehmann v. Ramo Films, Inc., 92 Misc. Rep. 418, 155 N. Y. Supp. 1032, I held that as the act provided a forum wherein the disputes between the parties were to be determined this court would not assume jurisdiction.

But the plaintiff contends that as the compensation is fixed by the New Jersey statute this action is merely to recover the minimum rate. Section 1 of the act provides that the employé shall receive compensation provided that the employé himself was not willfully negligent. Section 12 provides that in case of death compensation shall be paid during 300 weeks. Section 21 provides that the amounts payable periodically as compensation may be computed to one or more lump sum payments by the judge of the court of common pleas having jurisdiction upon application of either party. I do not understand upon what theory plaintiff fixes the compensation at $1,500; the compensation under the law is payable weekly, and the complaint does not allege that the court has fixed a lump sum, as provided by section 21 of the act.

For the reasons stated the motion must be granted. Settle order on notice.

<hr>

(93 Misc. Rep. 671)

McGRATH v. WOODS, Police Com'r.

(Supreme Court, Special Term, New York County. February, 1916.)

1. MUNICIPAL CORPORATIONS ⬅185(14)—OFFICERS—POLICEMEN—DISMISSAL—"UNJUST."

Where the dismissal of a patrolman was held by another police commissioner to be "unjust," which is equivalent to a finding that it was unmerited and not warranted, the patrolman, notwithstanding his dismissal, was since his original appointment a member of the police force de jure.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 508; Dec. Dig. ⬅185(14).

For other definitions, see Words and Phrases, First and Second Series, Unjust.]

2. MUNICIPAL CORPORATIONS ⬅180(2)—OFFICERS—PATROLMAN.

Where a patrolman, on reinstatement, his dismissal having been found unjust, passed the examinations for sergeant and was appointed to that position, the act of the police commissioner in compelling him to perform the duties of patrolman, with the patrolman's pay, amounts to a reduction in rank without right, or warrant in law; the officer being a sergeant de jure and entitled to pay as one de facto.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 449, 450; Dec. Dig. ⬅180(2).]

Application by M. J. McGrath for a writ of mandamus against Arthur Woods, Police Commissioner of the City of New York. Motion for peremptory writ granted.

Philip A. Brennan, of Brooklyn, for relator.
Lamar Hardy, Corp. Counsel, of New York City, for respondent.

FORD, J. [1] Relator was a patrolman in the police department on April 28, 1911, and for some time prior thereto. He was "unjustly" dismissed by the police commissioner on that date according to the

finding of Commissioner Woods who reheard his case in 1915. The Standard Dictionary gives, as synonymous of "unjust," the words "not legitimate, fair or just"; "wrongful"; "unrighteous." Putnam's Word Book gives "unfair"; "inequitable"; "iniquitous"; "unmerited." May a member of the police force be dismissed—i. e., removed—from office in that manner? I think not. It follows, therefore, that the relator has always been, since his original appointment, a member of the police force de jure.

[2] When he was permitted by the action of Commissioner Waldo to resume the performance of his duties as patrolman, which he had for a time been prevented from performing by reason of the "unjust" finding of Commissioner Cropsey against him, he took the examination for sergeant and was afterwards duly appointed to that position. The action of Commissioner Woods in now compelling him to perform the duties of patrolman with a patrolman's pay merely amounts to a reduction in rank without right or warrant in law. He is now a sergeant de jure, and should be in the enjoyment of his rightful rank, title, and pay as a sergeant de facto. I can see this application in no other light. The motion for a peremptory writ of mandamus is granted.

Motion granted.

---

ABORN v. HERBERT, ROBERTSON & CO., Inc.

(Supreme Court, Appellate Term, First Department. April 14, 1916.)

EXECUTION ☞418—SUPPLEMENTARY PROCEEDINGS—MOTION TO SHOW CAUSE—SUFFICIENCY—STATUTE.

    Code Civ. Proc. § 2457, provides that one may be punished for neglect or refusal to obey an order duly served upon him. The only papers served upon a judgment debtor on a motion to punish him for contempt for his failure to appear for examination in proceedings supplemental to execution were the order to show cause and an affidavit by the judgment creditor's attorney setting forth the taking of the judgment debtor's default, which order to show cause, besides other recitals, contained a statement that it was based on the original order and affidavit requiring the judgment debtor to appear, and the affidavit of service of same. The latter had never been served on the debtor, and the other papers were not served on the motion to punish for contempt. *Held,* that such omission was fatal, as the judgment debtor was entitled to notice of the precise claim made against him, and for what misconduct he was to be punished.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. ☞418.]

Appeal from City Court of New York, Trial Term.

Supplementary proceedings by Albert C. Aborn against Herbert, Robertson & Co., Incorporated, judgment debtor. From an order adjudging the president of defendant corporation in contempt for failure to appear for examination in proceedings supplemental to execution, and from an order denying the defendant's motion for a reargument of the motion to punish for contempt, and to have stricken from